# CHARLESTON.

HARRY LAWSON *et al. v.* THE COUNTY COURT OF MINGO COUNTY.

Submitted April 22, 1924.   Decided April 29, 1924.

INJUNCTION—*Owners Permitting Country to Maintain Road on Agreement to pay For Land Not Entitled to Injunction Against Further Use.*

Where the owners without protest permit the county court, entering upon their land without permission, to construct and maintain for a period of four years a public road thereover, relying upon the agreement of the county court to pay for the land taken, they will be limited to their remedy for damages or compensation for the land, and may not by injunction restrain the further use of the roadway on the ground that the county court has failed to carry out its promise.

McGINNIS, JUDGE, absent.

Case certified from Circuit Court, Mingo County.

Bill by Harry Lawson and others against the County Court of Mingo County. An order sustained a demurrer to the bill, and the case was certified for review.

*Affirmed.*

*Joe Hatfield,* for plaintiffs.

LITZ, JUDGE:

The bill in this cause, instituted November 5, 1923, alleges in effect that the defendant, without having obtained the right by condemnation or consent of plaintiffs, entered upon their lands in Mingo county; and thereafter established and constructed thereover a public road or highway, occupying a strip of ground approximately thirty feet wide and two miles long, beginning at the mouth of Sycamore creek, where the said road connects with East Fourth Avenue, a public street in the city of Williamson, thence up Sycamore creek to and connecting with another public road leading to Pigeon creek in said county; and that the said road so established and constructed in the year 1919 by the defendant over the lands of plaintiffs has since been used, maintained and occupied as a public highway.

It is further charged that about the beginning of the construction of this road by the defendant, plaintiffs requested that the defendant compensate them for the strip of land appropriated therefor, but the defendant, though often promising so to do, has failed and refused to make settlement; that in August, 1923, plaintiffs filed with the county court a formal claim for compensation which was rejected; and in October, 1923, without avail, requested defendant to petition the circuit court of Mingo county for the appointment of freeholders to assess the damages for the land taken as provided by Section 138, Chapter 6, Acts Legislature of 1923.

The bill prays that the defendant, its officers, agents and employes be restrained from further using, occupying or maintaining the strip of land in question as a public highway or county road. The circuit court having sustained the demurrer to the bill, the propriety of that ruling is certified here for review.

The right of the owner, ordinarily, to enjoin the use or

occupation of his land as a public road without condemnation is unquestioned. High on Injunctions, Secs. 592, 597-A; Joyce on Injunctions, Secs. 1312, 1324; Elliott on Roads and Streets, Secs. 272, 595; *Foley* v. *County Court,* 54 W. Va. 16; *Clayton* v. *County Court,* 58 W. Va. 253; *McGibson* v. *County Court,* 94 W. Va. 338, 121 S. E. 99.

The bill, however, presents a case in two respects out of the ordinary:

(1) Although it is charged that the defendant entered upon the lands without plaintiff's consent, the bill virtually states that the plaintiffs acquiesced in the construction and maintenance of the road by reason of the defendant's promise to pay fair compensation for the land appropriated; the real complaint being that the county court has failed to carry out its promise.

(2) The plaintiffs permitted the defendant, apparently without protest, to construct and, for a period of four years, to use and maintain, the road in question, before instituting their suit.

Under these circumstances we are firmly of opinion that the plaintiffs have waived their right to enjoin the use of the public road and are therefore limited to an action at law for damages for the value of the easement or the property taken.

*Briar Creek Railway Co.* v. *Kanawha Central Railway Co.,* 70 W. Va. 226, declares the right of an owner to restrain by injunction the taking for public use of his property without compensation may be waived by his agreement or conduct creating an estoppel; and applying the principle in that case, it was held that where an owner permits a railroad company to build a railroad through his land under an oral agreement for compensation, or without protest and with full knowledge of the fact permits a railroad to be built on his land, he is limited to his remedy for compensation, and can not prevent the operation of the railroad by injunction nor compel removal thereof from the land.

In the case of *Champe* v. *County Court,* 72 W. Va. 475, the plaintiff sought to restrain, by injunction, the county court from removing barriers placed by him across the public highway, the legal establishment of which through his land was

controverted. The bill was dismissed upon evidence showing that the land owner with full knowledge and without protest permitted the county court, under a bona fide claim of right or an agreement evincing intent to dedicate the way for a public road, to expend money and labor in fitting it for such use, and after establishment, to maintain the same as a public highway for three years. The syllabus in part states:

> "When a party, with full knowledge of his right, and all material circumstances, freely and advisedly does anything which amounts to recognition of the transaction, or acts for a considerable length of time in a manner inconsistent with its repudiation, there is acquiescence; and the transaction, although originally impeachable, becomes unimpeachable in equity."
>
> "Acquiescence may bar relief in a very short period. Where one stands by without objection and sees others dealing with property in a manner inconsistent with his right, and by his silence permits or encourages them to part with their money or property, he can not complain. His silence is acquiescence and estops him."

The plaintiffs having for so long a time acquiesced in the establishment, construction and maintenance of the public road by the county court at great cost to the taxpayers, electing to rely upon its agreement to pay therefor, will now be limited to their remedy at law for compensation or damages.

The ruling of the circuit court sustaining the demurrer to the bill will be affirmed.

*Affirmed.*